UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES SKORBURG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:07-CV-1308 CAS |
| | ) |
| NOVARTIS MEDICAL NUTRITION | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**<u>ORDER</u>**

This matter is before the Court on plaintiff's motions for leave to file surresponses to defendant's reply memoranda in support of its motions to strike the reports and testimony of plaintiff's designated experts Phil Hefner and Donn Herring. As an initial matter, the Court notes that plaintiff filed his surresponses prior to obtaining leave to do so.[1] In the future, when leave to file a document is sought, the document for which leave is required must be submitted as an attachment to the motion for leave, and should not be filed as a separate document. <u>See</u> Administrative Procedures for Case Management/Electronic Case Filing, Sec. II.B. Accordingly, the Clerk of the Court will be directed to delete plaintiff's surresponses from the record. [Docs. 47 and 50]

As for the merits of the motions, plaintiff states that the surresponses are necessary as a matter of due process because it would be "unjust to allow Defendant's accusations, assumptions,

---

[1]When plaintiff's counsel electronically filed his surresponses without leave of Court, it appears that he mistakenly filed the same surresponse for both motions. Both are entitled "Plaintiff's Response to the Reply of Defendant Novartis Nutrition's Memorandum in Reply to Plaintiff's Response to Defendant's Motion to Strike Report and Exclude Testimony of **Phil Hefner**," [Docs. 47 and 50] [emphasis added]. And upon review, they appear to be the same document.

and misstatements to go unanswered." The Court is not persuaded by plaintiff's argument. Upon review of the filings, the Court finds plaintiff's motions were not filed to address due process concerns, as plaintiff contends, but were motivated by a desire to have the last word and provide editorial comments regarding defendant's arguments. This is not the proper scope of a surresponse. The Court is well aware that litigation is often contentious, and that counsel may subjectively construe statements of opposing counsel to be false or misleading. The Court, however, has the capacity to evaluate such argument in the context of the case and the briefings, and does not need the benefit of a surresponse on this issue.

As a final note, the Court requests the parties to endeavor to maintain civility and decorum in future filings, and to refrain from using the type of overheated rhetoric and sarcastic comments contained in plaintiff's proposed surresponses, but which has appeared in filings by both sides. Such remarks are of no use to the Court in resolving the issues presented by this case, and serve only to detract from the dignity of the proceedings and the persuasiveness of the makers' arguments.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file a surresponse to defendant's reply memorandum in support of its motion to strike the report and testimony of plaintiff's designated expert Phil Hefner is **DENIED.** [Doc. 45]

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file a surresponse to defendant's reply memorandum in support of its motion to strike the report and testimony of plaintiff's designated expert Donn Herring is **DENIED.** [Doc. 48]

**IT IS FURTHER ORDERED** that Documents 47 and 50 are **STRICKEN** from the record.

The Clerk of the Court shall delete Documents 47 and 50 from the record.

　　　　　　　　　　　　　　　　　　　　　　/s/ Charles A. Shaw
　　　　　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this ___22nd___ day of September, 2008.